Per Curiam.
This is a petition for a divorce under the act of Assembly of 1814, which authorise;, a dissolution of the marriage contract for two causes only. One of them is out of the question here ; and the other, viz. living in adultery, though alleged in the bill, is denied in the answer, and it is not only not sustained by the *192 evidence, but distinctly disproved. In no view prc~ sen ted by the case, could a divorce, a vinculo, be granted under the law.
tij© alternative prayer of the petition for a divorce, a mens a et than, ic authorised by the act, where - •. husband abandons hir. family, or turns bis wife out «sí <Lor:.« or by cruel and barbarous treatment endangers lur life, or ofi’ers such indignities :o her person as to rend.r her condition iint»2es*i;Me, or life burthcnsomc. The only charge corning,within this description, hi that which the third issue was framed to ascertain, which, though found in favour of the Defendant, is nevertheless supported by the evidence of physicians, and even admitted in the answer. This issue being found against evidence, we should be disposed to grant a new trial of it, and the one fallowing ns moved for, if a different verdict could change the result in point of law. But if those issues w*ne found according to the ¿negations in the petitions, si divorce mnsi'.still be wíiík.-: id, the injury recciv ed by the petitioner not having been nsmraieatcd under such cironmn .arree, as constitute any ■.■nr of the causes provided for in the act. H is not meant to extenuate the adulterous ?>/. by which the Defendant became infected, or to lessen the reprobation which it justly merits : that has lost no part of its original turpitude, and in the view of moral lice, the .Defendant should bear the full weight of all sifS consequences. Bat we must estimate the character of the offence according to a positive law, and not aitach legal effects to an act of one description, which the law has connected with another. The evidence shows that ihe Defendant was not impelled by any settled purpose of mischief, or mwed by that brutal disposition which shows itself in repeated acts destructive of the-happiness of the married st.D"' — -that he was unconscious of his si-{cation at the tb.oj and when he afterwards discovered its crJaniitoms effect on the petitioner, he expressed his sorrow in the tores of unfeigned remorse. It is in proof» that the Defendant’s general-demeanor towards his wife *193 was kind and affectionate, and the declarations of the wife to some of the witnesses shew that these parties are very far from being in a state of irreconcileahle discord. The busy whispers of officious friends have fomented their occasional bickerings, and the intrusion of relations into the factions of the family, has precipitated a separation which might have been avoided. It is to be hoped, that the interposition of judicious friends will enable these parties to find their way back to domestic harmony, and the evidence in the case warrants the belief that their dislike towards each other, will be found the least formidable obstacle to a re-union. A new trial is refused.